UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD EDWARD BRILLHART,

    Petitioner,

vs.      Case No. 2:07-cv-428-FtM-29DNF
    Case No. 2:03-cr-121-FTM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

    This matter comes before the Court on petitioner's Third Successive Motion for Summary Judgment (Doc. #89), Motion to Appoint Counsel (Doc. #90), and application for certificate of appealability (Doc. #92) construed from the Notice of Appeal (Doc. #91), all filed on March 2, 2009.

    On February 23, 2009, the Court entered an Opinion and Order (Doc. #87) denying petitioner's Motion and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docs. #1, #27) for all reasons stated therein. Therefore, the motion for summary judgment as to grounds one, four, seven will be denied as moot. Additionally, the motion for an appointment of counsel is in conjunction with the habeas petition. Therefore, the request for counsel will also be denied as moot.

    Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of

appealability issues. The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1341 (11th Cir. 2007). The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Peoples v. Haley, 227 F.3d 1342 (11th Cir. 2000). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), cert. denied, 121 S. Ct. 1738 (2001). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 537 U.S. at 336. Upon review, the Court finds that petitioner has failed to show that jurists of reason would find the Court's assessment of the

constitutional claim debatable or wrong or that the Court was incorrect in its procedural rulings.

Accordingly, it is now

**ORDERED**:

1. Petitioner's Third Successive Motion for Summary Judgment (Doc. #89) is **DENIED** as moot.

2. Petitioner's Motion to Appoint Counsel (Doc. #90) is **DENIED** as moot.

3. Petitioner's request for an application for certificate of appealability (Doc. #92), deemed included in the Notice of Appeal (Doc. #91), is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of March, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Parties of Record